ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| YESEIDA CRUZ HERNÁNDEZ<br><br>Apelante<br><br>v.<br><br>MUNICIPIO DE COROZAL Y OTROS<br><br>Apelados | KLAN202300964 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.: CZ2022CV00006<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece la parte apelante, señora Yeseida Cruz Hernández (señora Cruz Hernández o apelante), quien nos solicita la revocación de la *Sentencia Parcial* emitida el 25 de agosto de 2023, notificada el día 29 siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). En el referido dictamen, el TPI desestimó con perjuicio la reclamación civil de la compareciente contra la parte apelada, conformada por la Autoridad de Carreteras y Transportación y la aseguradora Mapfre Praico Insurance Company (ACT, Mapfre o apelados).

Anticipamos la revocación del pronunciamiento judicial impugnado.

**I.**

La causa del título se inició el 19 de enero de 2022, ocasión en que la señora Cruz Hernández instó una *Demanda*[2] contra el Municipio de Corozal y su aseguradora, Óptima Seguros, el Estado Libre Asociado de Puerto Rico (Estado), el Departamento de

---

[1] El Hon. José I. Campos Pérez sustituyó al Juez Cruz Hiraldo, por virtud de la Orden Administrativa TA-2023-212, emitida el 6 de diciembre de 2023.
[2] Apéndice de la parte apelante, págs. 2-5.

Transportación y Obras Públicas (DTOP), así como contra **otros demandados y compañías de seguros con nombres desconocidos**. Previo a la presentación de la reclamación judicial, el 4 de marzo de 2021, la apelante cursó por correo certificado sendas comunicaciones interruptoras al Secretario de Justicia y al Municipio de Corozal.[3]

En síntesis, la señora Cruz Hernández alegó que el 18 de enero de 2021 tuvo un accidente en la carretera 164 Km 14.7, en el Barrio Palmarejo, bajo la jurisdicción del Municipio de Corozal. La apelante narró que bajó de su vehículo y pisó un hueco en dicho lugar. Describió que el suelo estaba desnivelado, deteriorado y sin el mantenimiento adecuado. A pesar de ello, apuntó que, en el lugar del accidente, no existía aviso alguno que advirtiera sobre la condición de peligrosidad. Sostuvo que sufrió varias lesiones corporales, por lo que recibió asistencia y un extenso tratamiento médico.

Por consiguiente, adujo que la parte apelada era responsable de manera solidaria por sus daños y perjuicios. En cuanto al resarcimiento peticionado, en la *Demanda Enmendada*,[4] la señora Cruz Hernández solicitó $60,000 por los daños físicos, $5,000 por las angustias mentales, $5,000 por los ingresos dejados de devengar y $5,000 por los gastos médicos pasados y futuros.

En lo que atañe a la controversia de autos, el 4 de abril de 2022, Óptima Seguros, en representación de su asegurado, presentó una *Moción de Desestimación*.[5] Planteó que, de conformidad con una *Certificación* expedida por el Departamento de Planificación y Desarrollo Económico, adscrito al Municipio de Corozal, el ayuntamiento no tenía jurisdicción sobre la carretera

---

[3] Apéndice de la apelante, págs. 6-7; 8-9. Véase, *Zambrana Maldonado v. E.L.A.*, 129 DPR 740, 759-760 (1992).

[4] Apéndice de la apelante, págs. 44-47. El TPI aprobó la primera enmienda a la reclamación de la apelante en su *Resolución* de 21 de diciembre de 2023, notificada el día 23 siguiente; véase, Apéndice de la apelante, pág. 48.

[5] Apéndice de la parte apelante, págs. 21-22.

164 Km. 14.7 en el Barrio Palmarejo y, por ende, no respondía civilmente por los daños alegados en la reclamación de la señora Cruz Hernández. En particular, se certificó que "**donde ocurrió el accidente, es una carretera estatal**".[6] En respuesta, la apelante instó un escrito para desistir, voluntariamente y sin perjuicio, la causa de acción incoada contra el Municipio de Corozal y Óptima Seguros.[7] A tales efectos, el 18 de abril de 2022, el TPI dictó una *Sentencia Parcial.*[8]

Luego, **el pleito del epígrafe estuvo paralizado entre el 31 de mayo de 2022 y el 23 de diciembre de 2022**, cuando el TPI notificó una *Resolución,* mediante la cual dejó sin efecto la paralización decretada.[9]

Reanudados los procedimientos, el Estado y DTOP presentaron conjuntamente *Contestación a Demanda* el 27 de enero de 2023.[10] En esencia, sólo aceptaron la notificación interruptora al Secretario de Justicia por parte de la apelante y negaron el resto de los enunciados que requerían alegación responsiva. Por igual, presentaron varias defensas afirmativas y se reservaron el derecho de levantar otras defensas, una vez culminara el descubrimiento de prueba.

Así las cosas, el 30 de enero de 2023, la señora Cruz Hernández cursó al Estado y al DTOP un *Primer pliego de interrogatorio y requerimiento de documentos,*[11] para cuyas contestaciones éstos solicitaron prorrogar el término.[12] El TPI autorizó la extensión por un plazo de treinta días.[13] El 31 de marzo de 2023, el Estado y el DTOP juramentaron sus respuestas, pero

---

[6] Énfasis nuestro. Apéndice de la parte apelante, pág. 23.

[7] Apéndice de la parte apelante, pág. 24.

[8] Apéndice de la parte apelante, pág. 25.

[9] Refiérase al Apéndice de la parte apelante, págs. 10-20; 26-29; 30-36; 37-41; 42-47; 48.

[10] Apéndice de la parte apelante, págs. 49-53.

[11] Apéndice de la parte apelante, pág. 54. El Estado y el DTOP cursaron el mismo mecanismo de descubrimiento de prueba a la parte apelante el 10 de febrero de 2023; véase, Apéndice de la parte apelada, pág. 1.

[12] Apéndice de la parte apelante, págs. 55-56.

[13] Apéndice de la parte apelante, pág. 57.

las remitieron a la apelante el 3 de abril de 2023.[14] En los incisos números 4 y 22 consignaron lo siguiente:

> 4. En el área indicada como el lugar donde ocurrió el accidente se había llevado a cabo un **proyecto de repavimentación** realizado por un contratista independiente. El proyecto fue **administrado por la Autoridad de Transportación y Carreteras**. Para la fecha del accidente, **el Departamento de Transportación y Obras Públicas no había aceptado el proyecto**.
>
> 22. **Surge de la investigación**, que la repavimentación de la carretera en **el lugar del alegado accidente estaba a cargo de la Autoridad de Carreteras y Transportación** (ACT), así que corresponde a dicha Agencia, tomar la acción pertinente.[15] (Énfasis nuestro).

El 3 de abril de 2023, la señora Cruz Hernández solicitó presentar la *Segunda Demanda Enmendada*.[16] Explicó que la enmienda resultó al advenir en conocimiento de que el verdadero propietario o quien tenía jurisdicción, control, manejo y deber de mantenimiento del lugar donde ocurrió el accidente que dio motivo a su reclamación era la ACT. Acotó que, en la *Demanda* original, se habían reservado los incisos correspondientes a *John Doe* para la ACT y el de la *Compañía de Seguros X* para Mapfre. Los emplazamientos de ambas partes fueron expedidos y diligenciados.

ACT y Mapfre incoaron un escrito intitulado *Solicitud de Desestimación y/o Sentencia Sumaria* el 17 de julio de 2023.[17] Arguyeron que por haber transcurrido en exceso el término de un año, a partir de los hechos alegados, la reclamación en su contra estaba prescrita. Aseveraron que la parte apelante tenía suficiente información para conocer que debía investigar su causa de acción. Imputaron a la señora Cruz Hernández haberse cruzado de brazos

---

[14] Apéndice de la parte apelante, págs. 58-72.

[15] Apéndice de la parte apelante, págs. 59-60. Refiérase, además, al Apéndice del Estado y del DTOP, pág. 6.

[16] Apéndice de la parte apelante, págs. 73-74, con anejos a las págs. 75-80 *Segunda Demanda Enmendada*; 81-82 Emplazamiento de ACT; 83-84 Emplazamiento de Mapfre. El Estado y el DTOP contestaron la reclamación enmendada; véase, Apéndice del Estado y del DTOP, págs. 17-21.

[17] Apéndice de la parte apelante, págs. 85-97. El Estado y DTOP también solicitaron la desestimación de la causa en su contra; la apelante se opuso; y el TPI declaró sin lugar la petición; así como la reconsideración instada. Véase, Apéndice del Estado y del DTPO, págs. 1-5, con anejo a la pág. 6; 7-8; 9-10; 11-13; 14-16.

y no llevar a cabo las diligencias pertinentes para interrumpir el término prescriptivo contra la parte apelada.

La apelante ripostó la defensa de prescripción mediante una *Oposición* interpuesta el 1 de agosto de 2023.[18] Rechazó que el desconocimiento del verdadero propietario de lugar del accidente se debiera a su desidia. Señaló que el caso estuvo paralizado durante varios meses y no fue hasta su reapertura que el Estado y el DTOP presentaron su alegación responsiva y pudo iniciarse el descubrimiento de prueba. Explicó que fue durante dicho proceso, en particular el 3 de abril de 2023, que la apelante advino en conocimiento sobre que la titularidad del lugar en controversia recaía en la ACT, por lo que, en la misma fecha, enmendó su reclamación. Por consiguiente, al amparo de la teoría cognoscitiva del daño, invocó que su causa no estaba prescrita.

El 29 de agosto de 2023, el TPI notificó la *Sentencia Parcial* aquí apelada,[19] en la que determinó probados los siguientes hechos, a los que hemos suplido énfasis:

1. La parte demandante alega que los hechos descritos en la *Demanda* y en la *Demanda Enmendada* ocurrieron 18 de enero de 2021.

2. El 19 de enero de 2022 se radicó la *Demanda* en este caso.

3. El 21 de enero de 2022 se expidieron emplazamientos dirigidos a John y Jane Doe.

4. En la [*D*]*emanda* se incluyeron como demandados al Municipio de Corozal, Estado Libre Asociado de Puerto Rico, Departamento de Transportación y Obras Públicas y Optima Seguros entre otros.

5. No se incluyeron en la [*D*]*emanda* original a MAPFRE, ni a la Autoridad de Carreteras y Transportación en (adelante ACT).

6. Se incluyeron en la [*D*]*emanda* espacios para **demandados cuyo nombre no se conoce pero que pudieran surgir durante el descubrimiento de prueba**

---

[18] Apéndice de la parte apelante, págs. 98-104, con anejos a las págs. 105-110 *Primer pliego de interrogatorio y producción de documentos* de la apelante a la ACT; 111-114 Contestaciones del Estado al *Primer pliego de interrogatorio y producción de documentos*; 115 documento fechado el 11 de febrero de 2022 y suscrito por el DTOP; 116-117 fotografías del lugar del accidente; 118-125 Informe Diario de Trabajo del DTPO.
[19] Apéndice de la parte apelante, págs. 126-130.

**John Doe**, Jane Doe, Richard Roe **y Compañas Aseguradoras X**, Y y Z.

7. El 1 de abril de 2022, el Estado Libre Asociado de Puerto Rico en representación del Departamento de Transportación y Obras Públicas, a través de su representación legal radicó "Aviso de Injunction Paralizando la Litigación del Presente Caso y Sobre el Requisito de Presentar Solicitud de Gastos Administrativos ante el Tribunal de T[í]tulo III".

8. El 31 de mayo de 2022, se dictó *Sentencia* mediante la cual se ordenó la paralización y archivo de los procedimientos por falta de jurisdicción.

9. El 21 de diciembre de 2022, se dictó *Resolución* ordenando la reapertura y continuación de los procedimientos.

10. **El [27] de enero de 2023**, el Estado Libre Asociado de Puerto Rico en representación del Departamento de Transportación y Obras Públicas de Puerto Rico radicó ***Contestación a Demanda***.

11. El 30 de enero de 2023 la parte Demandante sirvió a la codemandada Departamento de Transportación y Obras Públicas *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos*.

12. El Estado Libre Asociado de Puerto Rico en representación del Departamento de Transportación y Obras Públicas sometió **Contestaciones a Interrogatorios servidos por la parte demandante el día 3 de abril de 2023**.

13. **En las contestaciones sometidas por el Departamento de Transportación y Obras se anejó un documento que certificaba que el lugar donde ocurrió el accidente que da base a la presente demanda estaba bajo la jurisdicción y control de la ACT**.

14. El **3 de abril de 2023**, la parte demandante radicó "Moción Solicitando Que Se Acepte ***Segunda Demanda Enmendada*** y se Expidan Emplazamientos".

15. En la [*S*]*egunda* [*D*]*emanda* [*E*]*nmendada* se alega que la demandada ACT es la verdadera titular de lugar donde ocurrió el accidente que da base a la presente demanda.

16. También se alega que MAPFRE es la aseguradora de ACT.

17. MAPFRE PRAICO INSURANCE COMPANY fue emplazado personalmente el 4 de mayo de 2023.

18. La Autoridad de Carreteras y Transportación fue emplazada personalmente el 4 de mayo de 2023.

Al tenor de las aseveraciones fácticas citadas, el TPI concluyó que el expediente del caso adolecía de gestiones afirmativas de la parte apelante, dirigidas a conocer a quién pertenecía el predio donde tuvo lugar el accidente, así como que la señora Cruz

Hernández inició el descubrimiento de prueba pasado el plazo de prescripción. En consecuencia, desestimó, con perjuicio, la causa de acción contra la ACT y Mapfre.

Insatisfecha, la apelante solicitó la reconsideración del dictamen,[20] a la que se opusieron la ACT y Mapfre.[21] El 3 de octubre de 2023, el TPI se negó a reconsiderar y declaró sin lugar el pedimento.[22]

Aún inconforme, la señora Cruz Hernández acudió ante esta curia el 30 de octubre de 2023 y esbozó en su *Apelación* los siguientes señalamientos de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE [PRIMERA] INSTANCIA AL DECLARAR NO HA LUGAR A LA MOCIÓN DE RECONSIDERACIÓN RADICADA POR LA PARTE APELANTE YESEIDA CRUZ HERNÁNDEZ.**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE [PRIMERA] INSTANCIA AL RESOLVER QUE LA DEMANDA PRESENTADA CONTRA LAS APELADAS ACT Y MAPFRE ESTABA PRESCRITA.**

Tanto la ACT y Mapfre, como el Estado y el DTOP presentaron sendos alegatos el 17 y 21 de noviembre de 2023, respectivamente. Con el beneficio de sus comparecencias, procedemos a resolver.

## II.

### A

La Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (5) provee para que una parte pueda presentar como defensa una moción de desestimación bien fundamentada cuando la reclamación en su contra no justifica la concesión de un remedio. *Trinidad Hernández et al. v. ELA et al.*, 188 DPR 828, 833 (2013); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 935 (2011). Al disponer de una moción de desestimación bajo este fundamento, "el tribunal tomará como ciertos todos los hechos bien alegados en

---

[20] Apéndice de la parte apelante, págs. 131-140, con anejos a las págs. 141-142 Carta al Secretario de Justicia; 143-144 Carta al Municipio de Corozal.
[21] Apéndice de la parte apelante, págs. 145-150.
[22] Apéndice de la parte apelante, pág. 1.

la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Colón v. Lotería*, 167 DPR 625, 649 (2006). Además, ante una moción de desestimación, las alegaciones hechas en la demanda tienen que ser interpretadas en conjunto, liberalmente y de la manera más favorable posible para la parte demandante. *Id*. **La demanda no deberá desestimarse, a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar**. *Trinidad Hernández et al. v. ELA et al., supra*, pág. 834; *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012). En suma, el tribunal debe "considerar si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

**B**

La prescripción extintiva es una institución legal que extingue el derecho a ejercer determinada causa de acción. *Maldonado Rivera v. Suárez y otros*, 195 DPR 182, 192 (2016). Por igual, la prescripción es una defensa afirmativa que debe plantearse expresa y oportunamente o, de lo contrario, se entiende renunciada. *Id.*, pág. 193. A través de la prescripción, se promueve que las reclamaciones se insten oportuna y diligentemente. De esta manera, se propende a la estabilidad en las relaciones y a la seguridad en el tráfico jurídico. *Id.*, pág. 192. Además, se evita que una persona esté sujeta indefinidamente a una reclamación y a una situación de indefensión, como consecuencia del paso del tiempo, la pérdida de evidencia, la memoria imprecisa y la dificultad para encontrar testigos. *Id.*, pág. 193; *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 373 (2012). Ahora, lo anterior no es óbice para la interrupción del plazo prescriptivo mediante el

ejercicio del derecho ante los tribunales, una reclamación extrajudicial del acreedor o el reconocimiento del deudor. *Id.*

Es norma asentada que la figura de la prescripción es de naturaleza sustantiva y no procesal, por lo que se rige por los principios del Código Civil de Puerto Rico. *Dist. Unidos Gas v. Sucn. Declet Jiménez,* 196 DPR 96, 116 (2016); *COSSEC et al. v. González López et al.,* 179 DPR 793, 805 (2010); *Santos de García v. Banco Popular,* 172 DPR 759, 766 (2007). En torno a la causa de acción provista en el Artículo 1536 del Código Civil, 31 LPRA sec. 10801, para exigir la reparación de un daño extracontractual causado por culpa o negligencia, el Código Civil establece que tiene un término prescriptivo de un año, "**desde que la persona agraviada conoce la existencia del daño y quién lo causó**". (Énfasis nuestro). Art. 1204 (a) del Código Civil, 31 LPRA sec. 9496 (a). Cónsono con la citada disposición estatutaria y a base de la teoría cognoscitiva del daño, el Tribunal Supremo ha reiterado que "este término comienza a transcurrir una vez el perjudicado conoció —o debió conocer— que sufrió un daño, quién se lo causó, así como los elementos necesarios para ejercitar efectivamente su causa de acción". *Maldonado Rivera v. Suárez y otros, supra,* pág. 194, que cita a *COSSEC et al. v. González López et al., supra,* pág. 806 y a *Colón Prieto v. Géigel,* 115 DPR 232, 247 (1984).

> Por ello, **si mediante el descubrimiento de prueba** u otro medio **el agraviado conoce de la existencia de otro coautor y del resto de los elementos necesarios para reclamarle, el término prescriptivo contra ese alegado cocausante comenzará a transcurrir en ese momento**. Esto, pues un estatuto de prescripción cuyo efecto sea exigir a la parte demandante que presente una causa de acción antes de tener conocimiento de la existencia de ésta, viola el debido proceso de ley. (Énfasis nuestro). *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra,* pág. 390.

El alto foro ha expresado que la prescripción no es una figura rígida, sino que admite ajustes judiciales, según lo requieran las circunstancias particulares de los casos y la noción sobre lo que es justo. *Vera v. Dr. Bravo,* 161 DPR 308, 328 (2004), que cita

a *Santiago v. Ríos Alonso*, 156 DPR 181 (2002). Por tanto, no es hasta que se conocen todos los elementos necesarios para poder ejercitar la acción —**el daño y la identidad de quien lo causó**— que el término prescriptivo comienza a cursar. *Vera v. Dr. Bravo, supra.* Claro está, "si el desconocimiento que impide ejercer la acción se debe a la falta de diligencia del reclamante, entonces no aplican estas consideraciones liberales sobre la prescripción". *Id.,* pág. 329, que cita a *Montañez v. Hosp. Metropolitano*, 157 DPR 96 (2002) y *Padín v. Cía. Fom. Ind.*, 150 DPR 403 (2000).

Finalmente, en materia de prescripción, en nuestra jurisdicción rige la obligación *in solidum* de la causa de acción por responsabilidad civil extracontractual cuando coinciden dos o más cocausantes. *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra*, pág. 389. Por ende, "en las obligaciones solidarias que provengan de coacusación del daño, cuando el acreedor reclama de uno de los deudores sólo la parte que le corresponde, no se interrumpe por ello la prescripción respecto a los otros codeudores". Art. 1095 del Código Civil, 31 LPRA sec. 9054. Esto significa que, si bien el agraviado puede recobrar de cada cocausante el total de la prestación adeudada,[23] debe interrumpir la prescripción en relación con cada uno por separado, dentro del término de un año establecido por el Artículo 1204 del Código Civil, *supra*, en caso de que interese conservar su causa de acción contra cada uno de los cocausantes del daño. *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra*, pág. 389.

## C

La Regla 15.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.4, permite la reclamación contra una persona cuyo nombre se desconoce, al designarlo en la demanda con un nombre ficticio. A esos efectos, la norma procesal dispone lo siguiente:

---

[23] Art. 1096 del Código Civil, 31 LPRA sec. 9055.

> Cuando una parte demandante ignore el verdadero nombre de una parte demandada, deberá hacer constar este hecho en la demanda **exponiendo la reclamación específica que alega tener contra dicha parte demandada**. En tal caso, la parte demandante podrá designar con un nombre ficticio a dicha parte demandada en cualquier alegación o procedimiento, y al descubrirse el verdadero nombre, hará con toda prontitud la enmienda correspondiente en la alegación procedimiento.

Esta disposición es aplicable a la situación en que un demandante conoce la identidad, mas no el verdadero nombre de un demandado. Del mismo modo, es preciso que se haga constar en la demanda las reclamaciones específicas contra el demandado de nombre desconocido. *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 417 (2000); *Núñez González v. Jiménez Miranda*, 122 DPR 134, 140 (1941). El desconocimiento del verdadero nombre del demandado debe ser real y legítimo, y no falso o espurio. *Martínez Díaz v. E.L.A.*, 132 DPR 200, 210 (1992); *Ortiz v. Gobierno Municipal de Ponce*, 94 DPR 472, 478 (1967); *Fuentes v. Tribl. de Distrito*, 73 DPR 959, 986-987 (1952). La parte reclamante puede valerse de los mecanismos de descubrimiento de prueba para "obtener los nombres verdaderos y las direcciones de los demandados designados con nombres ficticios y luego proceder a enmendar la demanda y emplazarlos personalmente". *Núñez González v. Jiménez Miranda, supra*, pág. 143. **Una vez se descubra y se advenga en conocimiento del verdadero nombre de la parte, la regla requiere que se presente con prontitud una enmienda a la alegación**. Entonces, se procederá a emplazar a la parte para que pueda comparecer y defenderse. La única forma en que la decisión del tribunal surte efecto sobre la persona designada mediante un nombre ficticio es incluyendo su nombre correcto en la demanda y brindándole una notificación con tiempo suficiente para que pueda defenderse de la reclamación. *Núñez González v. Jiménez Miranda, supra*, pág. 141.

En armonía con la Regla 13.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.3, las enmiendas para sustituir el nombre del demandado ahora identificado se retrotraerán al momento en que se presentó la demanda original. La norma reza como sigue:

> Siempre que la reclamación o defensa expuesta en la alegación enmendada surja de la conducta, del acto, de la omisión o del evento expuesto en la alegación original, las enmiendas se retrotraerán a la fecha de la alegación original.
>
> **Una enmienda para sustituir la parte contra la cual se reclama se retrotraerá a la fecha de la alegación original** si además de cumplirse con el requisito anterior y dentro del término prescriptivo, la parte que se trae mediante enmienda: (1) tuvo conocimiento de la causa de acción pendiente, de tal suerte que no resulte impedida de defenderse en los méritos, y (2) de no haber sido por un error en cuanto a la identidad del (de la) verdadero(a) responsable, la acción se hubiera instituido originalmente en su contra. (Énfasis nuestro).
>
> .        .        .        .        .        .        .        .

Según se desprende de la precitada norma, para que las enmiendas se retrotraigan al tiempo de la presentación de la demanda original, éstas deben surgir de la conducta, acto, omisión o evento expuesto en la alegación original. Así, si la demanda original se presentó oportunamente, las enmiendas también estarán en tiempo. "[N]o surgirá, pues, problema alguno de prescripción, no importa cuándo se hayan presentado las enmiendas". *Ortíz Díaz v. R&R Motors Sales Corp.*, 131 DPR 829, 837 (1992). En los casos en que la enmienda añade a un nuevo demandado, el alto foro ha opinado que el momento que determina el término prescriptivo es cuando se incluye el nuevo demandado por primera vez en la demanda", salvo lo dispuesto en las Reglas 15.4 y 13.3 de Procedimiento Civil, *supra.* Véase, *Arce Bucetta v. Motorola,* 173 DPR 516, 538-539 (2008); *Ortiz Díaz v. R. & R. Motors Sales Corp.,* 131 DPR 829, 837-838 (1992).

**III.**

En la causa presente, la señora Cruz Hernández plantea que el TPI incidió al desestimar con perjuicio su reclamación contra la

ACT y Mapfre, toda vez que no había razón para llevar un descubrimiento de prueba sobre la identidad del titular del lugar donde aconteció el accidente. Sostiene que, de la *Certificación* emitida por el Departamento de Planificación y Desarrollo Económico, adscrito al Municipio de Corozal, se desprende claramente que la carretera 164 Km 14.7, Barrio Palmarejo, en la jurisdicción de Corozal, era estatal; esto es, bajo la jurisdicción y control del Estado y el DTOP. Enfatiza que no se cruzó de brazos para realizar el descubrimiento de prueba, sino que se vio impedida de gestionar cualquier mecanismo debido a la paralización decretada por el TPI. Reitera que no fue hasta el 3 de abril de 2023, cuando el Estado y el DTOP refirieron sus contestaciones al interrogatorio, que advino en conocimiento que, para el tiempo en que ocurrió el accidente, en el predio en cuestión, se llevó a cabo un proyecto de repavimentación a cargo de la ACT y que el DTOP todavía no había aceptado el proyecto. En idéntica fecha, solicitó enmendar su reclamación. Aboga que, al palio de la teoría cognoscitiva del daño y quién lo causó, el término prescriptivo comenzó a discurrir ese 3 de abril de 2023. Le asiste la razón.

En este caso, la señora Cruz Hernández alegó que, el 18 de enero de 2021, sufrió daños compensables por causa de la presunta negligencia en el mantenimiento adecuado y la ausencia de advertencias en la carretera 164 Km 14.7, en el Barrio Palmarejo, bajo la jurisdicción del Municipio de Corozal. A esos efectos, dio aviso interruptor el 4 de marzo de 2021 al Secretario de Justicia y al Municipio de Corozal e incoó su *Demanda* el 19 de enero de 2022 contra el Estado, el DTOP, el Municipio de Corozal y Óptima Seguros. En su oportuna reclamación, además, la apelante reservó las siguientes alegaciones para demandados de nombres desconocidos:

.   .   .   .   .   .   .   .

5. Que **John Doe** es una corporación o ente jurídico organizado y/o haciendo negocios bajo las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandada, y **cuyo nombre se desconoce**, es una corporación o ente jurídico con capacidad para demandar y ser demandada y/o haciendo negocios bajo las leyes del Estado Libre Asociado de Puerto Rico y es el verdadero propietario del lugar donde ocurre el accidente que da motivo a esta demanda y/o **es quien tenía jurisdicción, control, manejo y deber de mantenimiento y/o es quien responde por todo acto u omisión en administración y/o de mantenimiento de los elementos comunes y/o responsable de brindar seguridad en el lugar donde ocurre el accidente que da motivo a esta demanda y/o es por ende principal y directamente responsable de cualquiera los daños que estos hubiesen causado a la parte demandante**.

.   .   .   .   .   .   .   .

9. Que la **Compañía de Seguros X** es una corporación o ente jurídico organizado y/o haciendo negocios bajo las leyes del Estado Libre Asociado de Puerto Rico, con capacidad para demandar y ser demandada, **cuyo nombre se desconoce**, y es o **son, los o las compañías aseguradoras de uno, algunos y/o todos los aquí codemandados por ende principal y directamente responsable de cualesquiera daños que hubiesen causado a la parte demandante**.

.   .   .   .   .   .   .   .

Un examen de las alegaciones transcritas revela la intención inequívoca de la señora Cruz Hernández de incluir como partes demandadas a otras personas naturales y jurídicas que intervinieron con la carretera PR-164, kilómetro 14.7 del Barrio Palmarejo de Corozal, donde aconteció su caída. En ausencia de evidencia tendente a demostrar la falta intencional de diligencia, es forzoso concluir que procede la *Segunda Demanda Enmendada*. La ACT y Mapfre fueron incluidos con tiempo suficiente para que pudieran comparecer al pleito y defenderse. Recuérdese, que nuestro Tribunal Supremo ha rechazado la rigidez de la figura de la prescripción, según lo exijan las circunstancias particulares del caso y la justicia. *Vera v. Dr. Bravo, supra*, pág. 328.

De otro lado, surge de los autos que el Departamento de Planificación y Desarrollo Económico, adscrito al ayuntamiento, certificó el 8 de octubre de 2021 que el predio en controversia era una **carretera estatal**.[24] De hecho, con relación al caso de autos, el 11 de febrero de 2022, el DTOP afirmó que "[l]a **jurisdicción,**

---

[24] Apéndice de la parte apelante, pág. 23.

**control y mantenimiento** de la carretera PR-164, kilómetro 14.7 del Barrio Palmarejo de Corozal **pertenece al Departamento de Transportación y Obras Públicas**".[25] (Énfasis nuestro). Ante esa información, la apelante desistió voluntariamente de su reclamación en contra del Municipio de Corozal y su aseguradora, por lo que se dictó *Sentencia Parcial*;[26] y continuó el litigio contra el Estado y el DTOP. Luego, según reseñamos, al palio de PROMESA,[27] el pleito estuvo paralizado durante gran parte del año 2022. Inmediatamente que se decretó la reapertura, a petición de la señora Cruz Hernández, el Estado y el DTOP contestaron la *Demanda* e iniciaron el descubrimiento de prueba.

El 3 de abril de 2023, ocasión en que el Estado y el DTOP remitieron a la apelante las contestaciones del *Primer pliego de interrogatorio y requerimiento de documentos*, informaron que, al tiempo del accidente, el predio en cuestión fue objeto de un proyecto de repavimentación a cargo de la ACT y que el DTOP no había recobrado la jurisdicción sobre el mismo. Por cierto, en el expediente ante nos, obra una *Certificación* de 14 de abril de 2023, en que el DTOP, esta vez, acredita que "**en el lugar de la caída de la señora Cruz Hernández, había una construcción y para la fecha del accidente, ésta no había sido entregada al Departamento de Transportación y Obras Públicas**".[28] De manera expedita, el 3 de abril de 2023, la señora Cruz Hernández solicitó sustituir los nombres de las personas demandadas con nombres desconocidos reservadas por los de la ACT y su aseguradora Mapfre.

Ciertamente, la inclusión de demandados de nombres desconocidos, mediante alegaciones específicas, tuvo el propósito

---

[25] Apéndice de la parte apelante, pág. 115.
[26] Apéndice de la parte apelante, pág. 25.
[27] Acrónimo de *Puerto Rico Oversight Management, and Economic Stability Act*, 48 USC sec. 2101 *et seq.*, aprobada el 30 de junio de 2016.
[28] Apéndice del Estado y el DTOP, pág. 6.

de que, en la eventualidad, éstos fueran sustituidos una vez se conociera quiénes eran e incluirlos como partes demandadas. Por ello, con relación a la supuesta demora que se menciona en el dictamen apelado, somos del criterio que el mismo no es imputable a la apelante. Primero, ésta descansó en las certificaciones oficiales emitidas por el Municipio de Corozal y el DTOP; segundo, esperó que el litigio se eximiera de la paralización, bajo el Plan de Ajuste del proceso de quiebra ante el Tribunal Federal para el Distrito de Puerto Rico, para dar continuidad a la etapa de descubrimiento de prueba. Precisamente, fue en dicho proceso extrajudicial, a través de las respuestas 4 y 22, que la apelante advino en conocimiento de quién realmente ostentaba la jurisdicción, control y mantenimiento de la carretera PR-164, kilómetro 14.7 del Barrio Palmarejo de Corozal. Conocido el hallazgo, diligentemente solicitó la sustitución de los nombres John Doe por el de la ACT y el de la Compañía de Seguros X por el de Mapfre.

Contrario a lo resuelto por el TPI, la causa de acción contra la ACT y Mapfre no estaba prescrita. Al amparo de la teoría cognoscitiva del daño, el término prescriptivo contra la ACT y Mapfre comenzó a cursar el 3 de abril de 2023. Ello así, ya que la apelante conoció de la existencia de los cocausantes mediante el procedimiento de descubrimiento de prueba, así como el resto de los elementos necesarios para reclamarles los daños alegados. Nótese que ni siquiera el Estado y el DTOP conocían esa información, la cual surgió luego de su propia investigación. Por lo tanto, argüir que era previsible para la apelante que la ACT tenía el control del predio en controversia no es correcto. Exigir la presentación de la causa de acción con anterioridad a conocer de la participación de la ACT y Mapfre transgrede el debido proceso de ley de la apelante. *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra,* pág. 390. En resumen, las alegaciones contra la ACT y Mapfre,

esbozadas en la *Segunda Demanda Enmendada* presentada el 3 de abril de 2023, no están prescritas. Consecuentemente, el TPI incidió al desestimar con perjuicio la reclamación de la apelante.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia Parcial* dictada el 25 de agosto de 2023 y notificada el 29 de agosto de 2023, por el Tribunal de Primera Instancia. Consecuentemente, restituimos todas las reclamaciones de la señora Yeseida Cruz Hernández en contra de la Autoridad de Carreteras y Transportación y Mapfre Praico Insurance Company.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones